In re Michael A. **KREBSER**, Debtor.

**Bankruptcy No. 87–01187–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Sept. 23, 1988.

Chad P. Pugatch, Ft. Lauderdale, Fla., for debtor.

## ORDER DENYING REHEARING

THOMAS C. BRITTON, Chief Judge.

The debtor's motion (CP 47) to reconsider the Order Denying Confirmation and Dismissing Case dated August 24 (CP 45) was heard September 20. The motion is denied.

■ The debtor raises three points. He argues first that Class 3 was impaired by the plan, because payment of this class was delayed by the plan. That was not the case. The plan provided for payment "no later than July 1, 1988". This was 54 days before the confirmation order. The plan provides no effective date. Its effective date is the confirmation date. I construe the payment provision, therefore, to require full payment on or before date of confirmation. By statutory definition, the class is unimpaired. 11 U.S.C. § 1124(3).

He argues next that the difference in classifying Classes 3 and 4 is reasonable. This contention was discussed and rejected in the Order under the heading § 1129(a)(1). See also Judge Cristol's recent decision *In re Ward*, 89 B.R. 998 (Bankr.S.D.Fla.1988).

■ The debtor's last contention is that: "the Debtor was not provided adequate opportunity to make a decision as to whether a conversion to Chapter 7 would be in his best interests. If this case is dismissed, it should be with prejudice only of the filing of a Chapter 11 and not with prejudice to the filing of a Chapter 7 proceeding by the Debtor at any time."

The Report of the U.S.Trustee Regarding Confirmation, which requested dismissal, was filed July 15 (CP 42). It was served on the debtor 40 days before the entry of the Order denying confirmation and dismissing this case. This debtor was free to convert this case to chapter 7 at any time before dismissal. § 1112(a). He had more than ample opportunity to reach a decision and to exercise that option or to express a preference if his plan were to be rejected.

■ This case was dismissed with a year's prejudice to the filing of *any* bankruptcy petition, because this case, filed April 9, 1987, had already been pending over a year. Throughout that period, creditors have been restrained by the statutory automatic stay of § 362(a) in order to give this debtor a chance to seek relief in bankruptcy. The creditors are now entitled to a reasonable opportunity to enforce their contractual rights.

It would be grossly unfair to them to permit this debtor another protracted automatic stay merely by filing a chapter 7 or chapter 13 petition or both. The dismissal and the provision for a limited prejudice

against *any* other use of the bankruptcy remedy are this court's exercise of its discretion under § 105(a) to prevent abuse of Title 11.